IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Bold, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         vs. | )   No. 3:18-cv-1296 |
| | )   **JURY TRIAL DEMANDED** |
| R.P. Lumber Co. Inc., R.L.P. Development, | ) |
| and Robert Plummer, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (FLSA), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. (IMWL), and for retaliatory discharge, an Illinois common law claim. Plaintiff alleges defendants failed to pay him overtime wages and fired him for complaining about that failure.

### I. Jurisdiction and Venue

2. This Court has jurisdiction based on 28 U.S.C. §§ 1331 and 1367 as plaintiff asserts claims for violations of the FLSA and Illinois state law. Plaintiff's state law claims are so related to his federal question claims that they form part of the same case or controversy.

3. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendants reside in the Southern District of Illinois, are residents of the State of Illinois, and a substantial part of the events giving rise to plaintiff's claim occurred in the Southern District of Illinois.

### II. Parties

4. Plaintiff Michael Bold is a citizen of the State of Illinois, residing in the Southern District

of Illinois.

5.  Defendants R.P. Lumber and R.L.P. Development are incorporated in Illinois and have their principal place of business within the Southern District of Illinois.

6.  Defendant Robert Plummer is a citizen of the State of Illinois, residing in the Southern District of Illinois, and is owner and president of R.P. Lumber and R.L.P. Development.

7.  At all relevant time, Robert Plummer acted directly in the interest of R.P. Lumber and R.L.P. Development in relation to plaintiff.

### III.  Common Allegations

8.  Plaintiff began working for defendants on September 20, 2016.

9.  Defendants terminated plaintiff's employment on January 5, 2018.

10. Defendants paid plaintiff a salary and did not pay plaintiff by the hour.

11. Robert Plummer is R.P. Lumber and R.L.P. Development's President and owner and was plaintiff's boss.

12. Plaintiff routinely worked more than forty hours per week.

13. Defendants paid plaintiff the same yearly salary regardless of the number of hours plaintiff worked.

14. Defendants did not pay plaintiff at a rate of one and one-half times his regular rate for any hours plaintiff worked in excess of forty per week, violating 29 U.S.C. § 207(a).

15. During plaintiff's employment, plaintiff and defendants were engaged in interstate commerce.

16. Defendants hired plaintiff as a Project Manager which he understood meant coordinating the finishing or remodeling of defendants' properties, including office buildings and retail or

food-service properties; planning new construction on property defendants owned; securing proper construction permits; coordinating the selection of and work with contractors; and, generally overseeing the construction of new buildings.

17. In reality, plaintiff's job differed substantially from the project manager role he believed he was hired to fill. His primary job duties included renovating or working on Robert Plummer's property as well as the property of Robert Plummer's daughters. It also included manual work such as carpentry, electrical, plumbing, dry-wall, furniture moving, roofing, masonry, and general construction for both the Plummers' personal properties and properties defendants owned.

18. In around September 2017, plaintiff complained to David Goodhue, defendants' human resources director, about the nature of the work plaintiff was performing.

19. Plaintiff also complained to Goodhue around September 2017 that defendants should pay plaintiff overtime wages.

20. Goodhue agreed with plaintiff's complaints and told plaintiff he should be paid overtime or as a contractor. Nonetheless, Goodhue told plaintiff there was nothing to be done.

21. In around October 2017, plaintiff again complained about the type of work defendants required of him and the manner in which defendants paid him, again telling Goodhue that defendants should pay plaintiff overtime wages.

22. In November 2017, plaintiff spent nearly all of his working hours removing mantel pieces and hearths from Robert Plummers' home and building and installing replacements. The work included replacing wiring and moving gas valves as well as masonry, dry-wall work, and painting.

23. In December 2017, plaintiff spent nearly all of his working hours remodeling and build-

ing offices at R.P. Lumber's headquarters in Edwardsville, Illinois. The work included carpentry; electrical; heating, ventilation, and air-conditioning; dry-wall; painting; furniture-moving; framing new walls; installing base-boards and doors; and installing or working with low-voltage wiring such as phone and internet wiring.

24. Plaintiff complained multiple times to Goodhue in December 2017 about the type of work plaintiff was doing and the manner defendant was paying him, telling Goodhue plaintiff believed defendant should pay plaintiff overtime wages.

25. Prior to plaintiff's termination, plaintiff told Goodhue that plaintiff was "non-exempt" and should be paid "overtime."

26. A reasonable, objective person would have understood plaintiff's complaints to Goodhue as notice that plaintiff was asserting statutory rights under the FLSA.

27. In early January, upon plaintiff's completion of office construction, plaintiff met with Bruce Riedel, R.P. Lumber's Treasurer, and Goodhue. Goodhue and Riedel fired plaintiff telling him the company was going in a "different direction."

28. Defendants did not fire plaintiff because of his performance.

### **Count I: Fair Labor Standards Act, Failure to Pay Overtime**

29. Plaintiff incorporates Paragraphs 1—28 as though fully set forth herein.

30. Plaintiff was an employee within the meaning of 29 U.S.C. 203(e).

31. Defendants are employers within the meaning of 29 U.S.C. 203(d).

32. Defendants' actions violated 29 U.S.C. §207(a) in that defendants did not pay plaintiff wages at a rate of one and one-half times plaintiff's regular rate for the hours plaintiff worked in excess of forty per week.

33. As a direct and proximate result of defendants' unlawful conduct, plaintiff was not paid wages to which he is entitled under the FLSA.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants in an amount for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs, and such further relief as the Court deems just.

### Count II: Illinois Minimum Wage Law, Failure to Pay Overtime

34. Plaintiff incorporates Paragraphs 1—28 as though fully set forth herein.

35. Plaintiff was an employee within the meaning of 820 ILCS 105/3(d).

36. Defendants are employers within the meaning of 820 ILCS 105/3(c).

37. Defendants' actions violated 820 ILCS 105/4a in that defendants did not pay plaintiff wages at a rate of one and one-half times plaintiff's regular rate for the hours plaintiff worked in excess of forty per week.

38. As a direct and proximate result of defendants' unlawful conduct, plaintiff was not paid wages to which he is entitled under the IMWL.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants in an amount for unpaid overtime wages, punitive damages, reasonable attorneys' fees and costs, and such further relief as the Court deems just.

### Count III: Fair Labor Standards Act, Retaliation

39. Plaintiff incorporates Paragraphs 1—28 as though fully set forth herein.

40. Plaintiff was an employee within the meaning of 29 U.S.C. 203(e).

41. Defendants are employers within the meaning of 29 U.S.C. 203(d).

42. Defendants' actions violate 29 U.S.C. §215(a)(3) in that defendants discharged plaintiff

because he complained about their failure to pay overtime wages.

43. As a direct and proximate result of defendant's conduct, plaintiff has been damaged in that he has suffered lost wages, embarrassment, inconvenience, humiliation, loss of enjoyment of life, and a deprivation of his civil rights.

44. Defendants' violation of 29 U.S.C. §215 was willful, wanton, and malicious or in reckless disregard of plaintiff's federally protected rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants for lost wages, liquidated damages, pre and post-judgment interest, other compensatory damages, attorneys' fees, costs, punitive damages, and such further relief as the Court deems just.

## Count IV: Illinois Retaliatory Discharge

45. Plaintiff incorporates Paragraphs 1—28 as though fully set forth herein.

46. R.P. Lumber and R.L.P. Development discharged plaintiff because he complained defendants were not paying him overtime wages as required by 29 U.S.C. §207(a) and 820 ILCS 105/4a.

47. In firing plaintiff, R.P. Lumber and R.L.P. Development violated clear mandates of public policy. Namely, 29 U.S.C. §207(a) and 105/4a require the payment of overtime wages; 820 ILCS 105/11 criminalizes discharging or discriminating against an employee because that employee has made a complaint to his employer; and, 820 ILCS 105/2(c) states, "It is against public policy for an employer to pay his employees an amount less than that fixed by this Act."

48. As a direct and proximate result of defendant's unlawful conduct, plaintiff has been damaged in that he has suffered lost wages, embarrassment, inconvenience, humiliation, loss of en-

joyment of life, and a deprivation of his civil rights.

49. Defendants' unlawful termination of plaintiff was willful, wanton, and malicious or in reckless disregard of plaintiff's rights, entitling plaintiff to punitive damages.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants for compensatory and punitive damages and such further relief as the Court deems just.

/s/ Joshua M. Pierson
Sowers & Wolf, LLC
Joshua M. Pierson, ARDC 06313729
jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 fax